UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY CHILDRESS, *et al.*,

    Plaintiffs,

    v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. C10-059RSL

ORDER GRANTING BAC HOME LOANS SERVICING, LP'S AND COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR SUMMARY JUDGMENT

**I. INTRODUCTION**

This matter comes before the Court on a motion for summary judgment filed by defendants BAC Home Loans Servicing, LP ("BAC") and Countrywide Home Loans, Inc. ("Countrywide"). Plaintiffs accuse BAC of violating the Consumer Protection Act ("CPA"), and they allege that both defendants were negligent. After defendants filed their motion, plaintiffs conceded in their response that their negligence claims should be dismissed. Because they asserted only a negligence claim against Countrywide, the Court grants summary judgment in favor of Countrywide. This order will address the remaining CPA claim against BAC.[1]

---

[1] Defendant MeritPlan has also filed a motion for summary judgment that will be addressed by separate order.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

For the reasons set forth below, the Court grants defendants' motion.

## II. DISCUSSION

Some of the background facts in this matter are set forth in the Court's order regarding plaintiffs' and Liberty Mutual Fire Insurance Company's cross motions for summary judgment (Dkt. #73) and will not be repeated here.[2] Rather, this order will focus on the facts relevant to plaintiffs' claims against these defendants.

Countrywide originated the note and deed of trust for the home purchased by plaintiffs. BAC services the loan on plaintiffs' residence, which includes posting mortgage payments made by the borrower, making escrow payments required under a mortgage (such as property taxes), and providing billing statements and other notices to borrowers as required under the mortgage. Declaration of Stephen Grzeskowiak, (Dkt. #66) ("Grzeskowiak Decl.") at ¶¶ 2-4.

In November 2008, BAC became aware that Liberty Mutual had cancelled its homeowners' policy on plaintiffs' home for nonpayment of premium. Id. at ¶ 7. Shortly thereafter, Countrywide sent a letter to plaintiffs reminding them of their obligation to maintain homeowners' insurance and requesting that they provide current policy information immediately. Id. at ¶ 10. Countrywide sent a second letter two weeks later. Plaintiffs did not respond to either letter. BAC subsequently arranged for the institution of lender-placed insurance coverage with MeritPlan Insurance Company ("MeritPlan") with a premium of $1,532.00. Id. at ¶ 12. Plaintiffs were informed by letter of the purchase and provided with a notice about the coverage. Id., Exs. E, F. The MeritPlan insurance was effective on October 10, 2008, the date of cancellation of the Liberty Mutual policy. Plaintiffs experienced a house fire on December 21, 2008. Liberty Mutual refused to pay the claim based on the cancellation of its policy. Plaintiffs contend that MeritPlan's offer to repair the fire related damage was insufficient.

---

[2] In that order, the Court granted plaintiffs' motion for partial summary judgment on their breach of contract claim against Liberty Mutual.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002). "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995). "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

Plaintiffs allege that BAC violated the CPA because it charged them for a service to "protect the value of the property," but "MeritPlan failed to perform its obligation to protect that property." Plaintiffs' Response at p. 17. Therefore, plaintiffs argue, BAC and MeritPlan charged plaintiffs for a service that was not actually provided.

To prevail on their CPA claim, plaintiffs must establish the following five elements: (1) an unfair or deceptive act or practice, (2) in trade or commerce, (3) that impacts the public interest, (4) which causes injury to a party in his business or property, and (5) which injury is causally linked to the unfair or deceptive act. Hangman Ridge Training Stables, Inc. v. Liberty Title Ins. Co., 105 Wn.2d 778, 784-85 (1986). In this case, plaintiffs do not dispute that they were required to maintain insurance on their property. Nor do they dispute that the deed of trust

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

permitted Countrywide to obtain the lender-placed coverage and charge plaintiffs for it. Grzeskowiak Decl., Ex. A at ¶ 7. In addition, plaintiffs were notified in two letters that lender-placed coverage would be obtained if they failed to obtain their own coverage; plaintiffs were also informed that the estimated cost of the coverage would be $1,532.00. Grzeskowiak Decl., Exs. C, D. Plaintiffs could have avoided the cost of the lender-placed insurance, but they chose not to do so. In fact, both letters warned plaintiffs that the lender-placed insurance could be more expensive and less comprehensive than their previous coverage. Id. Plaintiffs were also informed that the insurance "may be purchased from an affiliate of Countrywide" and that Countrywide might receive a commission in connection with obtaining the coverage. Id., Exs. C, D, E. In light of those disclosures, plaintiffs cannot show that they were deceived or that BAC's actions had the capacity to deceive a substantial portion of the public. Hangman, 105 Wn.2d at 785.

Although plaintiffs argue that BAC charged for insurance it did not provide, undisputedly, the lender-placed coverage was provided. While plaintiffs may disagree with the amount offered by MeritPlan, it is factually untrue that BAC failed to provide coverage. Plaintiffs' arguments that BAC should have named them as additional insureds, or that BAC somehow failed to supervise MeritPlan's adjustment of the claim, are untethered to any legal duty and unsupported by any authority. Nor has plaintiff shown that BAC can be held liable for acts of other defendants. See, e.g., Vawter v. Quality Loan Serv. Corp. of Washington, 707 F. Supp. 2d 1115, 1129 (W.D. Wash. 2010) ("Chase and MERS cannot be held liable under the CPA for the acts of other Defendants in connection with initiating the loan"). Although plaintiffs vaguely allege that BAC was "complicit with MeritPlan's failure to investigate and settle the claim," they offer no evidence in support. Plaintiffs' Response at p. 2. Similarly, plaintiffs' claim that BAC overcharged them for the coverage is unsupported by any evidence.[3]

---

[3] Rather than providing evidence of wrongdoing in this case, plaintiffs rely on documents filed in *FTC v. Countrywide Home Loans, Inc. & BAC Home Loans Servicing, LP*, Cause No.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

To the contrary, BAC's witness stated that the rate MeritPlan charged is "less than a number of other lender-placed carries." Grzeskowiak Dep. p. 53. Nor is there anything inherently wrong in the fact that BAC obtained the coverage from an affiliated company. In sum, plaintiffs have failed to support their CPA claim, and summary judgment is warranted.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS the motion for summary judgment filed by defendants BAC and Countrywide (Dkt. #64) and dismisses plaintiffs' claims against them with prejudice.

DATED this 11th day of March, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

CV10-4193RSWL (C.D. Cal. 2010). Defendants in that case were accused of overcharging consumers for default related services to their homes, and entered into a consent judgment to resolve the claims. This case, however, does not involve default related services, and the alleged wrongdoing in that case is not relevant. Moreover, the alleged victims in the FTC case were overcharged when defendants forced services on them. In this case, plaintiffs were contractually obligated to obtain insurance and given repeated opportunities to obtain their own insurance.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5