UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY CHILDRESS, *et al.*,

    Plaintiffs,

    v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. C10-059RSL

ORDER GRANTING MERITPLAN'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on a motion for summary judgment filed by defendant MeritPlan Insurance Company ("MeritPlan"). Plaintiffs accuse MeritPlan of breaching the insurance contract, violating the Consumer Protection Act ("CPA"), and engaging in bad faith and negligence.

For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

**A. Facts.**

Some of the background facts in this matter are set forth in the Court's order regarding plaintiffs' and Liberty Mutual Fire Insurance Company's cross motions for summary judgment

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 1

(Dkt. #73) and will not be repeated here.[1]  Rather, this order will focus on the facts relevant to plaintiffs' claims against MeritPlan.

In November 2008, lender BAC Home Loans Servicing, LP ("BAC") became aware that Liberty Mutual had cancelled its homeowners' policy on plaintiffs' home for nonpayment of premiums.  Declaration of Stephen Grzeskowiak, (Dkt. #66) ("Grzeskowiak Decl.") at ¶ 7.  Shortly thereafter, Countrywide sent two letters to plaintiffs reminding them of their obligation to maintain homeowners' insurance and requesting that they provide current policy information immediately.  Id. at ¶ 10.  Plaintiffs did not respond to either letter.

On or around October 1, 2006, Countrywide contracted with MeritPlan for the institution of lender placed insurance coverage under a Master Policy (the "Policy") with a premium of $1,532.00.  Grzeskowiak Decl. at ¶ 12; Declaration of Kyle Richmond, (Dkt. #68) ("Richmond Decl.") at ¶ 2, Ex. 1.  The only "named insured" listed in the Policy is Countrywide.  Policy at MP 0002.  The Policy provides that the insurer "agree[s] to indemnify YOU OR YOUR legal representatives for any amount that YOU may be entitled to recover as a result of a covered loss."  Policy at MP 0004.  The Policy also contains the following provision:

> Loss Payment.  WE will adjust each LOSS with YOU and will pay YOU.  If the amount of LOSS exceeds YOUR insurable interest, the BORROWER may be entitled, as a simple loss payee only, to receive payment for any residual amount due for the LOSS, not exceeding the lesser of the applicable Limit of Liability indicated on the NOTICE OF INSURANCE and the BORROWER's insurable interest in the damaged or destroyed property on the DATE OF LOSS.  Other than the potential right to such payment, the BORROWER has no rights under the Residential Property Form.

MP 0011 at ¶ 13.  The Policy also provides, "WE shall not make any payment for LOSS if other insurance acceptable to YOU is in force on the DATE OF LOSS."  Policy at MP 0011 at ¶ 9.

In a letter dated November 9, 2008, Countrywide informed plaintiffs that lender placed coverage "will only protect Countrywide Home Loan's interest in your property" and that in the event of a loss, "all payments will be due to Countrywide Home Loans."  Grzeskowiak Decl.,

---

[1] In that order, the Court granted plaintiffs' motion for partial summary judgment on their breach of contract claim against Liberty Mutual.

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 2

Ex. C.  The Notice of Insurance also informed plaintiffs that the lender placed coverage was not a contract of insurance between the borrowers and MeritPlan.  Id., Ex. F.  The MeritPlan insurance was effective on October 10, 2008, the date of cancellation of the Liberty Mutual policy.  Plaintiffs experienced a house fire on December 21, 2008.  Liberty Mutual refused to pay the claim based on the cancellation of its policy.  In March 2009, MeritPlan made a payment to Countrywide, which plaintiffs claim was insufficient, and notified plaintiffs of the payment.  MeritPlan never made a payment to plaintiffs.

**B.     Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, the records show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might resolve the issues in favor of the nonmoving party, summary judgment must be denied." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  "[S]ummary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Id. at 1221.

**C.     Analysis.**

As MeritPlan notes, plaintiffs' breach of contract claim is untenable because the Policy

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 3

provides that any lawsuit must be commenced within a year of the loss. Policy at MP 0011 at ¶ 11. That provision is enforceable. RCW 48.18.200(1)(c). Plaintiffs initiated their lawsuit against MeritPlan after that date, so any breach of contract claim is dismissed as untimely. Even if the breach of contract claim had been timely filed, it would fail because the Policy provides that coverage will terminate upon the discovery of other acceptable insurance. Because this Court has ruled that the Liberty Mutual policy was in effect at the time of the loss, the Policy terminated before the date of the loss.

However, plaintiffs' CPA, bad faith WAC violations, and negligence claims are not subject to the one-year limitation. Nor does it appear that the subsequent termination of the Policy negates plaintiffs' extra-contractual claims. Regardless, MeritPlan argues that all of plaintiffs' claims must be dismissed because they are not third party beneficiaries of the Policy. To determine whether a party is a third party beneficiary, the contract must be examined, and "both contracting parties must intend that a third party beneficiary contract be created." See, e.g., Postlewait Constr., Inc. v. Great Amer. Ins. Companies, 106 Wn.2d 96, 99 (1986). In this case, neither contracting party intended to create a third party beneficiary contract. Only Countrywide is named as the insured. In their discovery responses and first amended complaint, plaintiffs concede that they were notified that the Policy did not provide coverage for them. The contract explicitly states that the borrowers are only entitled to a contingent loss payment in the event that the repair costs exceeded the amount owed by the borrowers at the time of the fire, which did not occur.

Plaintiffs have not cited any authority to show that they are entitled to bring their claims as contingent loss payees. In fact, the authority suggests otherwise. See, e.g., Postlewait Constr., Inc. v. Great Amer. Ins. Companies, 106 Wn.2d 96, 101 (1986) (holding that a lessor of personal property who was not a named insured or loss payee was not a third party beneficiary and could not pursue claims for bad faith and violation of the CPA); Neigel v. Harrell, 82 Wn. App. 782, 786 (1996) (holding that WAC 284-30-330(6) is not a duty owed to third parties).

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 4

Similarly, plaintiffs have cited no authority to show that MeritPlan owed them a tort duty to support a negligence claim.

Arguably, by noting that the plaintiff in that case was not a loss payee, the Postlewait decision could be interpreted to imply that loss payees might be third party beneficiaries in some circumstances.  This order is not intended to rule out that possibility.  In this case, however, plaintiffs are not attempting to enforce the only right they had under the Policy to the contingency payment.  In fact, they concede that they had no right to the payment because the contingency was not fulfilled and would not have been fulfilled even if plaintiffs' damages estimate were accepted.  Rather, they are attempting to enforce what are essentially Countrywide's rights to payment under the Policy for the full amount of the loss.  Because plaintiffs' rights were both narrowly circumscribed and contingent, the parties did not intend for them to be third party beneficiaries under the contract.

Plaintiffs also argue that they are third party beneficiaries because MeritPlan's performance of its duties would necessarily and directly benefit them.  If that factor was dispositive, however, mortgagees and mortgagors would always be third party beneficiaries of each other's insurance contracts, which is not the case.  See Lee R. Russ & Thomas H. Segalla, Couch on Insurance § 40:20, at 40-30 to 40-31 (3d ed. 2000) (explaining that mortgagors and mortgagees have separate, insurable interests in property; "Absent a covenant to insure for the benefit of the other party, a policy secured by either a mortgagor or mortgagee to protect his or her own interest does not benefit the other party").[2]  The fact that plaintiffs reimbursed BAC for the premiums is irrelevant for two reasons: plaintiffs did not pay premiums to MeritPlan, and the contracting parties' intent controls.  See, e.g., Postlewait, 106 Wn.2d at 99; see also Kilson v. Am. Road Ins. Co., 345 So.2d 967, 969 (1977) (applying Louisiana law; holding that plaintiff

---

[2] See also Couch on Insurance § 42:28, at 42-35 n. 83 ("Both the mortgagor and the mortgagee each have an insurable interest in the mortgaged premises, and neither can, without an agreement relating thereto, take advantage of insurance effected by the other").

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 5

had no cause of action against an insurer; the fact that the insured charged plaintiff for the premiums does not create any sort of legal relationship between" plaintiff and the insurer). Plaintiffs also argue that an improper, or at least too cozy, relationship existed among the defendants. Even if that allegation were true, it does not create an obligation to plaintiffs.

Plaintiffs argue in their response that MeritPlan's Rule 30(b)(6) representative testified in his deposition that the company "was obligated to treat [plaintiffs] like an insured and work with them in good faith." Plaintiffs' Response at p. 10. In fact, the witness testified that the company "owed them the courtesy to work in good faith with them . . . ." Richmond Dep. at p. 168. That testimony, given by a lay witness, does not support plaintiffs' claim that they were additional insureds or that MeritPlan owed them a legal duty of good faith. Similarly, plaintiffs argue that BAC's representative testified that plaintiffs were "similar to an additional insurer [sic] to the policy, so the lender, even though it's in their name, they will get the funds, but they will work with the borrower to determine what they want to do." Grzeskowiak Dep. at p. 58. That lay person's opinion that the borrowers were "similar" to an additional insured does not mean that they were contractually additional insureds under the Policy. In sum, because plaintiffs were not third party beneficiaries of the insurance contract, their claims fail as a matter of law.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS MeritPlan's motion for summary judgment (Dkt. #67) and dismisses plaintiffs' claims against MeritPlan.

DATED this 12th day of May, 2011.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION
FOR SUMMARY JUDGMENT - 6