UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENRY CHILDRESS, *et al.*,

    Plaintiffs,

    v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY, *et al.*,

    Defendants.

Case No. C10-059RSL

ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE COUNTERCLAIMS AND CROSS CLAIM

## I. INTRODUCTION

This matter comes before the Court on plaintiffs' motion to strike two counterclaims and a cross claim filed by defendant Countrywide Home Loans, Inc. ("Countrywide"), which Countrywide asserted for the first time in its answer to plaintiffs' second amended complaint.[1] Countrywide asserts a cross claim against defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") for "enforcement of right to insurance benefits to repair structure as loss payee." Amended Answer at p. 11. Countrywide asserts the same as a counterclaim against plaintiffs. Essentially, Countrywide asserts that any insurance proceeds paid by Liberty Mutual

---

[1] Plaintiffs also moved to dismiss new affirmative defenses asserted by defendant MeritPlan. Given that the Court has granted MeritPlan's motion for summary judgment, the issue of its affirmative defenses is now moot.

ORDER GRANTING
MOTION TO STRIKE - 1

should be paid to Countrywide, rather than to plaintiffs. Countrywide fears that plaintiffs will use the money for personal items instead of repairing the property, to the ultimate detriment of Countrywide's security interest in the property. Countrywide also asserts a counterclaim for unjust enrichment (collectively, the "new claims"), alleging that plaintiffs used previously paid money for personal uses rather than to repair the property.

For the reasons set forth below, the Court grants plaintiffs' motion.

## II. DISCUSSION

The parties dispute whether defendants were required to obtain the Court's permission to include the new claims or whether they were permitted to do so as of right in response to plaintiffs' second amended complaint. Federal Rule of Civil Procedure 15 does not directly address this situation. Instead, the rule provides only a time limit for pleading in response to an amended pleading. No federal appellate court has addressed whether new claims filed in response to an amended pleading are permitted as of right or only with leave of court. Although the case law is scant, some of the few district courts that have considered the issue have explained that a defendant may not plead new counterclaims or affirmative defenses as of right unless plaintiff's amendments changed the scope or theory of the case. See, e.g., Upek, Inc. v. Authentec, Inc., 2010 WL 2681734 at *3 (N.D. Cal. 2010); E.E.O.C. v. Morgan Stanley & Co., Inc., 211 F.R.D. 225, 227 (S.D.N.Y. 2002) ("If every amendment, no matter how minor or substantive, allowed defendants to assert counterclaims or defenses as of right, claims that would otherwise be barred or precluded could be revived without cause. This would deprive the Court of its ability to effectively manage the litigation"); Carr v. Hazelwood, 2008 U.S. Dist. LEXIS 81753 at *10 (W.D. Va. 2008) (explaining that the plaintiff "cannot now, as a matter of right, add a previously unmentioned affirmative defense in response to an amended complaint that in no way changes [plaintiff's] theory of the case"); Elite Entm't, Inc. v. Khela Bros. Entm't, 227 F.R.D. 444, 446-47 (E.D. Va. 2005) (explaining that an amended response "may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the

ORDER GRANTING
MOTION TO STRIKE - 2

breadth of the changes in the amended response must reflect the breadth or the changes in the amended complaint; noting that an amended pleading must "plead in response" to the amended pleading) (citing 3 James W. Moore, *et al.*, Moore's Federal Practice § 15.17[6] (3d ed. 1997)).

In this case, Countrywide concedes that plaintiffs' amendments did not change the theory or scope of the case. Plaintiffs' second amended complaint only corrected the name of defendant Bank of America Corporation. Countrywide's new claims are not related to or in response to plaintiffs' amendment. Rather, they are directed towards other issues and if permitted, would significantly expand the scope of this litigation. Accordingly, Countrywide should have sought leave of Court to assert the new claims.

Having found that Countrywide was not entitled to add the new claims as of right, the Court considers whether to grant it leave to do so. It would unduly waste time and resources to strike the new claims and require Countrywide to file a motion raising the same issues already before the Court. See, e.g., Akzenta, 464 F. Supp. 2d at 486 (finding that defendant should have sought leave to file its counterclaim, which was "not directly responsive to the changes in Akzenta's complaint" but granting leave to amend, *sua sponte*, to add the counterclaim). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court considers four factors in deciding whether to grant leave to amend: "bad faith, undue delay, prejudice to the opposing party, and the futility of amendment." Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994).

Countrywide has significantly delayed bringing its new claims. This case was filed in December 2009, and Countrywide was added as a defendant in June 2010. The deadline to amend the pleadings was November 3, 2010. Countrywide counters that its new claims did not become "ripe" until the Court ruled on February 7, 2011 that Liberty Mutual had breached the insurance contract and that its policy was in effect when the loss occurred. However, it has been clear since the inception of this lawsuit that plaintiffs were seeking that ruling, a fact which was further highlighted by their December 23, 2010 motion for an order to that effect. Countrywide

ORDER GRANTING
MOTION TO STRIKE - 3

therefore had ample notice of plaintiffs' theories well before March 4, 2011 when it filed the new claims. Moreover, the Court rejects Countrywide's contention that it was not required to file the new claims until the Court ruled in plaintiffs' favor. If that theory were accepted, defendants could delay asserting affirmative defenses and counterclaims until plaintiff obtained a favorable ruling, an outcome that is unsupported by the rules, case law, and the need for efficient management of litigation.

In addition to the undue delay, plaintiffs would suffer prejudice if the new claims were allowed at this late date because the deadlines to conduct discovery and file dispositive motions have passed. For similar reasons, the Court denied plaintiffs' November 2010 motion to amend their complaint to add a new claim (Dkt. #43). Countrywide's undue delay and the resulting prejudice alone are sufficient to deny leave to amend its answer.

Furthermore, Countrywide's unjust enrichment counterclaim appears futile because Countrywide did not pay the approximately $15,000 to plaintiffs for repairs that it now seeks to recover. Rather, that amount was paid by Bank of America, N.A.. Defendants have argued that the two are separate entities. Declaration of Joel Hanson, (Dkt. #110-2), Ex. B (letter from Countrywide's counsel stating, "Countrywide was, and is, a separate legal entity from Bank of America, N.A."). Accordingly, Countrywide appears to lack standing to assert the unjust enrichment claim based on a payment made by another entity. Countrywide's cross claim against Liberty Mutual is also likely futile because it is based on Countrywide's contention that it is entitled to payment of the repair costs as a loss payee under the Liberty Mutual policy. However, that policy states that any suits against Liberty Mutual must be filed within one year of the loss. Declaration of Joel Hanson, (Dkt. #45), Ex. F at p. 12 ("No action can be brought unless the policy provisions have been complied with and the action is started within one year after the date of loss."). Under that provision, Countrywide's cross claim is untimely.

Moreover, in their proposed settlement, plaintiffs and Liberty Mutual propose to deposit $55,000 in the Court's registry, an amount which the parties agree is likely sufficient to cover

ORDER GRANTING
MOTION TO STRIKE - 4

the cost of the repairs.  Therefore, the "enforcement" cross claim and counterclaim are now effectively moot.  For those reasons, the Court denies leave to amend.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS plaintiffs' motion to strike portions of the amended answer (Dkt. #93) and strikes Countrywide's cross claim against Liberty Mutual and counterclaims against plaintiffs.

DATED this 25th day of May, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO STRIKE - 5