1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

HENRY CHILDRESS, *et al.*,

      Plaintiffs,

    v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, *et al.*,

      Defendants.

Case No.  C10-059RSL

ORDER DENYING MOTION TO
APPROVE SETTLEMENT AND TO
ISSUE A CLAIMS BAR ORDER

16

17

## I.  INTRODUCTION

18

19

20

This matter comes before the Court on a motion filed by defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") to approve its proposed settlement with plaintiffs and to bar the other defendants from asserting claims against it.

21

22

23

At the request of plaintiffs and Liberty Mutual, the Court heard oral argument in this matter on June 6, 2011.  For the reasons set forth below, the Court denies Liberty Mutual's motion because the proposed claims bar is unreasonable.

24

## II.  DISCUSSION

25

26

27

In February 2011, the Court granted plaintiffs' motion for partial summary judgment and held that Liberty Mutual breached the insurance contract by cancelling the policy and refusing to pay plaintiffs' loss.  Subsequently, the parties engaged in a settlement conference before United

28

ORDER DENYING MOTION - 1

1   States Magistrate Judge James Donohue.  The conference lasted an entire day and continued the

2   following morning.  After Liberty Mutual and plaintiffs engaged in further negotiations, they

3   agreed to a proposed settlement to resolve all claims between them, subject to Court approval

4   and an order barring defendants from asserting further claims against Liberty Mutual.

5   Specifically, the proposed settlement agreement includes the following provision,

> This settlement is expressly contingent upon a determination by the Court in the
> Litigation as follows: (1) that this settlement is reasonable; (2) that the $55,000 payment
> above is a reasonable settlement for all obligations of the Company to make any
> payments for the repair of the Childresses' home; and (3) that any and all claims and/or
> cross-claims that were alleged or that could have been alleged against the Company are
> dismissed and/or barred, with prejudice.

Declaration of John Silk, (Dkt. #98), Ex. 4.  The terms of the proposed settlement, which are set

forth in the motion and Memorandum of Settlement, include a payment of $400,000 in three

installments: (1) $25,000 to plaintiffs, (2) $55,000 into the Court registry for repairs to plaintiffs'

home, and (3) $320,000 in a check made payable to plaintiffs' counsel.  Id.

**A.      The Bar Order.**

The Court has "the inherent equitable power to enter an order precluding subsequent

claims for contribution (and indemnity) by non-settling parties in the litigation with notice of the

proposed order, so long as their rights are protected by it."  Zidell Marine Corp. v. Beneficial

Fire & Cas. Ins. Co., Case No. 03-5131RBL at p. 2 (W.D. Wash. May 24, 2004); Franklin v.

Kaypro Corp., 884 F.2d 1222, 1225 (9th Cir. 1989) (explaining that a bar order "constitutes a

final discharge of all obligations of the settling defendants and bars any further litigation of

claims by nonsettling defendants against settling defendants.").

After Liberty Mutual filed this motion, the Court granted MeritPlan's motion for

summary judgment and granted plaintiffs' motion striking Countrywide's proposed new

counterclaims and cross claim as untimely.  In light of those developments, the parties'

disagreements related to this motion now number only two: (1) whether the $55,000 set aside in

the settlement agreement for structural repairs should be paid directly to Countrywide, and (2)

whether MeritPlan should be precluded from asserting a contribution claim against Liberty

ORDER DENYING MOTION - 2

1   Mutual.  Regarding the first issue, both MeritPlan and Countrywide argue that the Court should

2   order Liberty Mutual to pay the $55,000 allocated for structural repairs to Countrywide.

3   Countrywide's claim that it is entitled to the proceeds under the Liberty Mutual policy is

4   untenable.  Countrywide is not named as a loss payee or insured under that agreement.  Nor will

5   the Court reform the insurance contract as Countrywide belatedly urges.  The Court's recent

6   order striking Countrywide's new claims precludes Countrywide from pursuing such a cross

7   claim against Liberty Mutual.

8           Although Countrywide might have a claim to the funds from plaintiffs under the Deed of

9   Trust, Countrywide has not asserted that claim in this litigation.  Regardless, the proposed bar

10  order would not affect that claim.  Finally, the issue is largely irrelevant because the funds will

11  be paid to repair the home, as Countrywide urges, and all parties agree that the $55,000 allocated

12  should be sufficient to accomplish that goal.  Therefore, the Court will not order that the funds

13  be paid directly to Countrywide.

14          The Court also considers whether to bar any claim for contribution and/or indemnity as

15  Liberty Mutual urges.  MeritPlan notes that it paid $15,100.40 to plaintiffs under the lender-

16  placed policy.[1]  Its policy contains a provision stating that coverage terminates if other insurance

17  is in effect, and the Court has ruled that the Liberty Mutual policy was in effect.  Based on those

18  facts, MeritPlan argues that it is entitled to contribution from Liberty Mutual because it paid

19  money that Liberty Mutual should have paid.  Liberty Mutual contends that MeritPlan's

20  contribution claim is untimely.  Although the Court might not allow MeritPlan to assert the cross

21  claim in this litigation at this late date, MeritPlan has not waived the contribution claim.  Liberty

22  Mutual has not cited any authority to show that MeritPlan was required to assert the claim in this

23  lawsuit.  Liberty Mutual also argues that all suits under its insurance contract must be filed

24

25          [1] MeritPlan paid Countrywide $45,548.79 for the loss.  As Liberty Mutual notes,
26  approximately $30,000 was "inexplicably retained" by Countrywide.  Liberty Mutual's Reply at
    p. 8.  In light of those facts, Countrywide's claim that the $55,000 for repairs should be paid to it
27  directly is not well taken.

28  ORDER DENYING MOTION - 3

1    within one year of the date of the loss.  MeritPlan, however, is not a party or third party

2    beneficiary to that contract and cannot be bound by its suit limitation.

3         In contrast, MeritPlan's argument that it paid for repairs that Liberty Mutual was

4    obligated to pay has some appeal.[2]  If it were not for Liberty Mutual's wrongful cancellation of

5    its policy, MeritPlan would never have paid for any of plaintiffs' loss.  Liberty Mutual argues

6    that a bar order is required to limit its potential liability to third parties; otherwise, it lacks the

7    certainty needed to settle with plaintiffs.  However, because this Court has already decided

8    dispositive motions, this case presents the rare situation where the settling insurer knows the

9    amount of its potential liability to third parties: $15,100.40, the amount MeritPlan paid to

10   plaintiffs.  MeritPlan's liability, and the amount of its contribution claim, cannot increase

11   because the Court has granted summary judgment in its favor.  For that reason, neither MeritPlan

12   nor any other defendant is facing any liability in this lawsuit for which it might later seek

13   contribution from Liberty Mutual.  Therefore, the usual justifications for granting a bar order,

14   encouraging early settlement and avoiding uncertainty for the settling insurer vis-a-vis non-

15   settling defendants, are not present in this case.

16        Although public policy favors settlement, it also favors encouraging insurers to promptly

17   protect their insureds and pay claims.  In this case, MeritPlan did so; Liberty Mutual did not.

18   The basis of any claim MeritPlan might have against Liberty Mutual is based on the fact that

19   MeritPlan paid under its policy after Liberty Mutual wrongfully cancelled.  Under those

20   circumstances, it would be inequitable to bar MeritPlan's claim, and the Court will not enter the

21   bar order Liberty Mutual requests.

22        Despite refusing to enter the bar order, the Court believes that the settlement in this case

23   should go forward.  The remainder of the terms are reasonable.  Plaintiffs have claimed damages

24   and attorney's fees of approximately $477,000 against Liberty Mutual, plus $500,000 in general

25

26        [2] Liberty Mutual argues that MeritPlan has no right to equitable contribution under these
     circumstances.  Reply at pp. 7-8.  The Court will not adjudicate the merits of any potential
27   contribution claim at this point when no such claim has been asserted.

28   ORDER DENYING MOTION - 4

1   damages.  The Court has ruled in plaintiffs' favor on their breach of contract claim, so plaintiffs

2   are entitled to recover on the contract for their repair costs, personal property damage, additional

3   living expenses, and attorney's fees.  The Court has also ruled that issues of fact exist regarding

4   plaintiffs' remaining claims for bad faith and violation of the Consumer Protection Act.  As the

5   Court noted during oral argument, Liberty Mutual also has strong defenses to some of plaintiffs'

6   alleged damages, including their claims for emotional distress damages.  Liberty Mutual has also

7   shown that it has strong defenses to plaintiffs' claimed damages for additional living expenses

8   and damage to the contents of their home.  The parties would incur substantial additional costs

9   and uncertainty by proceeding to trial.  For those reasons, the amount of the settlement is

10  reasonable.  Moreover, the Court notes that the settlement was reached after lengthy, arms-

11  length negotiations before Judge Donohue.  There is no evidence of collusion or bad faith.  In

12  light of those facts, the Court finds the remainder of the settlement reasonable.

13      Because the Court has stricken Countrywide's new claims and dismissed plaintiffs'

14  claims against all defendants except Liberty Mutual, it appears that the only remaining claim not

15  addressed by the proposed settlement is a claim that MeritPlan might have based on the money it

16  paid under its policy.  Given that the claim is limited to approximately $15,000, the parties

17  should be able to settle it.  The parties are instructed to contact the Court if they would like the

18  Court's assistance in further settlement negotiations.

19                              **III.  CONCLUSION**

20      For all of the foregoing reasons, the Court DENIES Liberty Mutual's motion to approve

21  the settlement and issue a bar order (Dkt. #97).

22

23      DATED this 6th day of June, 2011.

24

25

26                          Robert S. Lasnik
                            United States District Judge

27

28  ORDER DENYING MOTION - 5